IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| H. S. I. B., | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| LELAND DUDEK,[1] | : | |
| Acting Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant | : | NO. 24-2415 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                March 31, 2025

H. S. I. B. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Social Security Administration Commissioner's ("the Commissioner") final decision, denying her claims for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff filed a brief supporting her request for review, the Commissioner responded to it, and Plaintiff filed a reply. For the reasons set forth below, Plaintiff's Request for Review will be granted, and Judgment will be entered in Plaintiff's favor and against Defendant.

**I.     PROCEDURAL HISTORY**[2]

Sharon P., on behalf of her daughter, H. S. I. B., protectively applied for SSI, alleging disability since May 1, 2013. R. at 42, 69-76, 689. Administrative Law Judge Anne W. Chain denied the claim on May 23, 2014. *Id.* at 38, 688. The Appeals Council dismissed Plaintiff's request for review as untimely, thereby making the ALJ's decision the Commissioner's final

---

[1] Leland Dudek became Acting Commissioner of the Social Security Administration on February 16, 2025. Pursuant to Fed. R. Civ. P. 25(d), Mr. Dudek is substituted as Defendant in this suit. Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action needs to be taken to continue this suit.
[2] This court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl.'s Br."), Defendant's Response to Request for Review of Plaintiff ("Def.'s Resp."), Plaintiff's Reply Brief ("Pl.'s Reply"), and the administrative record.

determination. *Id.* at 1-3. Plaintiff sought judicial review from this court on July 16, 2018, and this court granted the Commissioner's motion to remand, on November 22, 2019. *Id.* at 297-300; *see* Civ. A. No. 18-2965, ECF Nos. 2, 34. On October 20, 2020, Plaintiff appeared before Administrative Law Judge Elana Hollo ("the ALJ"), who issued a decision on October 30, 2020, finding her not disabled. R. at 234-50, 253-89. After the ALJ's decision became final on December 30, 2020, Plaintiff sought judicial review from this court on February 2, 2021, and again was granted remand by the Commissioner. *Id.* at 235, 744-51; *see* Civ. A. No. 21-488, ECF Nos. 1, 23.

On July 26, 2022, Plaintiff, represented by counsel, appeared telephonically before the ALJ for an administrative hearing. R. at 716. On September 16, 2022, the ALJ, using the sequential evaluation process for childhood disability,³ issued an unfavorable decision. *Id.* at 707. The Appeals Council denied Plaintiff's request for review, on April 3, 2024, making the ALJ's findings the Commissioner's final determination. *Id.* at 671-74. After the Appeals Council's denial, Plaintiff sought judicial review from this court on June 4, 2024. Both parties have consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c).

## II.     FACTUAL BACKGROUND

A.     <u>Plaintiff's Personal History</u>

Plaintiff, born on September 8, 2005, R. at 689, was 17 years old when the ALJ rendered

---

³ The Social Security Regulations provide the following three-step sequential evaluation for determining whether a child claimant is disabled:
> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 416.924(b).
> 2. If the claimant is found not to have a severe impairment, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 416.924(c).
> 3. If the claimant's impairment meets, medically equals or functionally equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise the claimant is not disabled. *See* 20 C.F.R. § 416.924(d).

2

her decision. She resides with her mother.[4] R. at 730.

B.   Testimony of Plaintiff, H. S. I. B.

Plaintiff testified that she experiences headaches/migraines three to four times a week, and takes verapamil to alleviate them. R. at 724. She has not missed school because of her headaches or migraines. *Id.* at 728. Plaintiff stated that her oppositional defiant disorder ("ODD") and disruptive disorder affect her daily because they prevent her from "want[ing] to do what others want [her] to do." *Id.* at 726.

C.   Testimony of Plaintiff's Mother, Sharon P.

Plaintiff's mother, Ms. P., testified that she believes her daughter is disabled because of her migraine headaches, tremors, and seizures. R. at 730. She stated that her daughter suffers from asthma episodes, depression, and disruptive behavioral disorder. *Id.* Between October 2020 and the time of the hearing, Plaintiff had experienced approximately three to four severe asthma attacks. *Id.* at 740. When these attacks occur, Ms. P. treats her daughter with albuterol and "two puffs of Flovent in the morning and at night." *Id.* at 741. Ms. P. explained that Plaintiff's side effects from the medications, include a lack of appetite and a sluggish and slow demeanor. *Id.* at 735. Plaintiff had not been hospitalized during the 12 months prior to the hearing. *Id.* at 734.

Ms. P. stated that Plaintiff can dress herself and brush her teeth, however, she needs to be reminded and/or assisted. *Id.* at 735, 737. She recounted to the ALJ that Plaintiff previously ran away from home several times; she believes that her daughter attempted suicide at least once. *Id.* at 738. Plaintiff has displayed angry and sarcastic behavior during medical examinations. *Id.* at 739.

Ms. P. reported to the ALJ that, during a period in which Plaintiff left home for seven days,

---

[4] Plaintiff resides with her mother, however, at the time of the July 26, 2022 hearing, she was in pre-trial detention. *Id.* at 736. It was her first time being incarcerated. *Id.*

she met up with friends, one of whom killed someone during the commission of a robbery, and left with the shooter in a stolen car.[5] *Id.* at 736-37. Plaintiff was arrested four days later and charged with multiple offenses; however, she was expected to be sentenced to house arrest and probation if she pled guilty to two counts of attempted robbery. *Id.* 731, 736-37. Ms. P. explained that, because her daughter was currently in a juvenile detention center, an Individualized Education Plan ("IEP") was being developed; she already had a "504 plan," and attended school. *Id.* at 731.

### III.   THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] was born on September 8, 2005. Therefore, she was a school-age child on June 5, 2013, the date the application was filed, and is currently an adolescent (20 CFR 416.926a(g)(2)).

2. [Plaintiff] has not engaged in substantial gainful activity since June 5, 2013, the application date (20 CFR 416.924(b) and 416.971 *et seq*.).

3. [Plaintiff] has the following severe impairments: asthma, history of chronic rhinitis, migraine without aura, syncope, oppositional defiant disorder ("ODD"), and major depressive disorder (20 CFR 416.924(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

5. [Plaintiff] does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a).

6. The undersigned finds that [Plaintiff] has not been disabled, as defined in the Social Security Act, since June 5, 2013, the date the application was filed (20 CFR 416.924(a)).

R. at 689-90, 693, 707.

---

[5] Ms. P. testified that her daughter "had no knowledge of what was going to happen" and was not the driver. R. at 731.

## IV. DISCUSSION

A. <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if substantial evidence supports them. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of SSA*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Halter*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

Overall, this test is deferential to the ALJ. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). The court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo*, might have reached a different conclusion. *Id.* Indeed, the court may not undertake a *de novo* review of the Commissioner's decision by reweighing the record evidence itself. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); *Monsour Med. Ctr.*, 806 F.2d at 1190-91. Nor is the court permitted to "impose [its] own factual determinations." *Chandler*, 667 F.3d at 359; *see Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002) ("We also have made clear that we are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder."). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.      <u>Review of the Administrative Law Judge's Decision</u>

Applying the appropriate three-step sequential evaluation process for childhood disability,[6] the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act, after the application date of June 5, 2013. R. at 707.

Plaintiff presents two issues to the court. First, she takes issue with the ALJ's determination of one area of mental functioning in the "B" criteria of Listing § 112.04 and § 112.08, "Adapt or Manage Oneself."[7] Pl.'s Br. at 9. Second, she disputes the ALJ's determination in the functional domain of "Caring for Yourself."[8] *Id.* at 14. Plaintiff argues that the ALJ erred by not finding a marked limitation in either. *Id.* Plaintiff's argument treats the ALJ's analysis of

---

[6] The Commissioner's regulations classify Petitioner as an "adolescent." 20 C.F.R. § 416.926a(g)(2).

[7] The mental functioning area of adapting or managing oneself "refers to the abilities to regulate emotions, control behavior, and maintain well-being in age-appropriate activities and settings." 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 112.00(E)(4).

Examples of proper functioning in this category include "[r]esponding to demands; adapting to changes; managing your psychologically based symptoms; distinguishing between acceptable and unacceptable performance in community[] or school-related activities; setting goals; making plans independently of others; maintaining personal hygiene; [and] protecting yourself from harm and exploitation by others." *Id.*

[8] Under the relevant Social Security regulations and rulings, the domain of caring for yourself requires consideration of "how well [someone] maintain[s] a healthy emotional and physical state, including how well [she] gets [their] physical and emotional wants and needs met in appropriate ways; how [she] cope[s] with stress and changes in [her] environment; and whether [she] takes care of [her] own health, possessions, and living area." 20 C.F.R. § 416.926a(k). The regulations provide that a school-age child (age 12 to the attainment of age 18) should:

> feel more independent from others and should be increasingly independent in all of your day-to-day activities. You may sometimes experience confusion in the way you feel about yourself. You should begin to notice significant changes in your body's development, and this can result in anxiety or worrying about yourself and your body. Sometimes these worries can make you feel angry or frustrated. You should begin to discover appropriate ways to express your feelings, both good and bad (e.g., keeping a diary to sort out angry feelings or listening to music to calm yourself down). You should begin to think seriously about your future plans, and what you will do when you finish school.

*Id.* at § 416.926a(k)(2)(v).

Examples of limited functioning in the domain of caring for yourself include: (1) placing non-nutritive or inedible objects in one's mouth; (2) relying on self-soothing activities showing developmental regression (e.g., thumbsucking, re-chewing food); (3) exhibiting restrictive or stereotyped mannerisms (e.g., body rocking, headbanging); (4) failing to dress or bathe appropriately because of impairments affecting this domain; (5) engaging in self-injurious behavior or ignoring safety rules; (6) failing to spontaneously pursue enjoyable activities or interests; or (7) having eating or sleeping pattern disturbances. *Id.* at § 416.926a(k)(3).

6

the "B" criteria for "Adapt or Manage Oneself," as equivalent to, and interchangeable with, her functional equivalence analysis for the domain of "Caring for Yourself." Plaintiff states that for the same reasons that she has a marked limitation in "Adapt or Manage Oneself," she also has a marked limitation in "Caring for Yourself." *Id.* at 15. The Commissioner argues that the ALJ appropriately reached her conclusions in both analyses. Def.'s Resp. at 6. First, since the Commissioner also treats these arguments together, *id.* at 9, this court shall as well. Second, this court finds that the ALJ erred in her analysis and did not adequately explain her resolution of conflicting evidence.

1. <u>The Standard for Child Disability Cases</u>

To establish a disability under the Act, a claimant under the age of eighteen (18) must show a "medically determinable physical or mental impairment, which results in marked and severe functional limitations which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

To establish disability, the claimant must demonstrate: (i) she was not engaged in substantial gainful activity; (ii) she had a "severe" impairment or combination of impairments; and (iii) her impairment or combination of impairments met, medically equaled, or functionally equaled the severity of an impairment in the listings. 20 C.F.R. § 416.924(a). If the claimant has an impairment or combination of impairments that causes marked and severe limitations of function that meet, medically equal, or functionally equal a listed impairment, the regulations direct a finding of disabled. *Id.* at § 416.924(d). The claimant bears the burden at each step. *Id.* at § 416.924(a).

Listing § 112.04 addresses depressive and bipolar-related disorders; Listing § 112.08 addresses personality and impulse-control disorders. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§

7

112.04, 112.08. In order to meet Listing § 112.04, a claimant must satisfy paragraphs A and B, or paragraphs A and C. *Id.* at § 112.04(B). In order to meet Listing § 112.08, a claimant must meet the requirements of paragraphs A and B. *Id.* at § 112.08(B). The paragraph B criteria for both listings are met when a claimant has an extreme limitation of one, or a marked limitation[9] of two, in the following four mental functional areas: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. *Id.* at §§ 112.04(B), 112.08(B).

An impairment functionally equals listing level severity at SEP step three if the claimant can show "marked" limitations in two of the six domains of functioning, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a); (d). A "marked" limitation "interferes seriously" with the ability to initiate, sustain, or complete activities independently. *Id.* at § 416.926a(e)(2)(i). Such a limitation is "more than moderate" but "less than extreme." *Id.* A limitation that is "extreme" interferes "very seriously" with the ability to initiate, sustain, or complete activities independently. *Id.* at § 416.926a(e)(3). An "extreme" limitation is "more than marked," but does not necessarily mean a total lack or loss of ability to function. *Id.* at § 416.926a(e)(3)(i). The six domains of functioning in which the child must demonstrate a marked or extreme limitation are: (i) acquiring and using information, (ii) attending and completing tasks, (iii) interacting and relating with others, (iv) moving about and manipulating objects, (v) caring for yourself, and (vi) health and physical well-being. *Id.* at § 416.926a(b)(1)(i)-(vi).

---

[9] The regulations direct that the paragraph B definitions for marked and extreme, as applied to children, are the same as those applied when determining functional equivalence. 20 C.F.R. § 112.00(F)(2); 20 C.F.R. § 416.925(b)(2)(ii) ("See 416.926a(e) for the definitions of the terms *marked* and *extreme* as they apply to children.") (emphasis in original).

2. <u>The ALJ Reversibly Erred When Failing to Explain Her Resolution of Conflicting Evidence</u>

Plaintiff argues that the ALJ erred because she did not find marked limitations in the area of adapting and managing oneself, or in the domain of caring for yourself. Pl.'s Br. at 11, 15. The Commissioner disputes this contention. Def.'s Resp. at 6. This court finds that the ALJ failed to properly explain her resolution of conflicting evidence raised during her paragraph B and functional equivalence analyses.

In the present case, the ALJ found at step two of the SEP that Plaintiff suffered from the severe impairments of asthma, migraine without aura, syncope, ODD, major depressive disorder, and a history of chronic rhinitis. R. at 690. The ALJ addressed the four areas of mental functioning under paragraph B at SEP step three and determined that Plaintiff had a marked limitation in interacting with others, and a mild limitation in concentrating, persisting, or maintaining pace. *Id.* at 691-92. She also found that Plaintiff had moderate limitations in the areas of understanding, remembering, or applying information, and adapting or managing oneself. *Id.* Therefore, the ALJ concluded that, Plaintiff's mental impairments, whether considered singly or in combination, did not meet Listings § 112.04 and § 112.08.[10] *Id.* at 690.

Next, the ALJ conducted a functional equivalence analysis by addressing the six domains. *Id.* at 693. She assigned less than marked limitations in the following three domains: acquiring and using information, caring for yourself, and health and physical well-being. *Id.* at 699, 704. The ALJ found that Plaintiff had a marked limitation in interacting and relating with others, and

---

[10] Whether a claimant meets a listing is distinct from whether she medically equals a listing. A claimant must establish each element of a listing to meet a listing. *See* 20 C.F.R. § 416.925(d) ("To meet the requirements of a listing, you must have a medically determinable impairment(s) that satisfies all of the criteria of the listing."). In contrast, an impairment medically equals a listing when it "is at least equal in severity and duration to the criteria of any listed impairment." *Id.* at § 416.926(b). While the ALJ and parties use the phrase "meet or medically equal" in their discussion of the listed impairments, the court notes that whether Plaintiff's impairment(s) medically equal a listed impairment is not at issue.

no limitations in the categories of attending and completing tasks and moving and manipulating objects. *Id.* at 700-702.

This circuit has required that the ALJ's decision be accompanied by "a clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Evidentiary conflicts must be resolved, and the ALJ must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. *Id.* at 706-07. In addition, "[t]he ALJ must indicate in [her] decision which evidence [she] has rejected and which [s]he is relying on as the basis for [her] finding." *Schaudeck*, 181 F.3d at 433. These legal requirements are particularly important for this court to conduct a meaningful review. *See Burnett v. Comm'r of SSA*, 220 F.3d 112, 120 (3d Cir. 2000).

The ALJ cited evidence stating that Plaintiff had "unremarkable thought content, [and] normal thought processes," to support her conclusions. *Id.* at 692-693. However, the ALJ also noted a mental status examination in which Plaintiff was found to exhibit poor insight and judgment. *Id.* at 692. Next, the ALJ summarily addressed an incident in which Plaintiff "left home for seven days, during which she met up with friends, one of whom shot and killed someone, left in a stolen car, and is now incarcerated on murder and robbery charges." *Id.* The ALJ failed to explain how, despite these two contradicting pieces of evidence, she, nevertheless, concluded that Plaintiff only had a moderate limitation in adapting or managing oneself, and a less than marked limitation in caring for yourself. *Id.* at 695, 704. The mental functioning area of adapting or managing oneself examines a claimant's "abilities to . . . control behavior, and maintain well-being in age-appropriate activities and settings." 20 C.F.R. § 112.00(E)(4). A relevant example of proper mental functioning in this area is a claimant's ability to protect herself "from harm and exploitation by others." *Id.* One example of limited functioning in the domain of caring for

yourself is engaging in self-injurious behavior or disregarding safety rules. 20 C.F.R. § 416.926a(k)(2)(v). Plaintiff's arguably reckless behavior on the night of the robbery certainly demonstrated a lack of awareness of the immense danger she placed herself in and a failure to take appropriate safety precautions on her own behalf. It also aligns with the mental status examination in which she was found to exhibit poor insight and judgment.

The ALJ's error is not harmless, because the contradicting evidence suggests that Plaintiff could have a marked limitation in both the area of mental functioning and in the caring for oneself domain at issue, thereby meeting or functionally equaling Listings § 112.04 and § 112.08. Therefore, this court grants Plaintiff's request to remand. Upon remand, the ALJ shall adequately address the evidence leading to Plaintiff's incarceration and her prior mental status examinations.

## V. CONCLUSION

A thorough review of the relevant law and the record indicates that the ALJ did not adequately reconcile conflicting evidence. Accordingly, Plaintiff's Request for Review is granted and the case is remanded for further proceedings consistent with this opinion. An implementing Order and Order of Judgment follow.